# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. JESUS VEGA, (#R21806), | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 10 C 1684 ) |
| MARCUS HARDY, Warden, Stateville Correctional Center, | ) ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is Petitioner Jesus Vega's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1). For the following reasons, the Court denies Vega's habeas petition. Further, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## BACKGROUND

Vega does not present clear and convincing evidence challenging the statement of facts set forth in the last state court decision to address his arguments on the merits, which was the post-conviction Circuit Court of Cook County, and thus the Court presumes those facts are correct for purposes of its habeas review. *See* 28 U.S.C. § 2254(e)(1); *Rever v. Acevedo,* 590 F.3d 533, 537 (7th Cir. 2010). The Court therefore adopts the underlying facts as set forth by the Circuit Court of Cook County in denying Vega's post-conviction petition. *See People v. Vega,* 04 CR 03039 (Cook Cty. Cir. Ct. May 30, 2008) (unpublished).

### I. Factual Background

On December 29, 2003, the victim, Jose Soto, was drinking with his cousin, Angel

Navarro, at a bar on the southwest corner of Karlov and Armitage Streets in Chicago, Illinois. Around 10:30 p.m., Jose's wife, Rosalee Soto, went to the bar to bring Jose his telephone. When Rosalee arrived, Jose gave her his ATM card and asked her to get him some cash. Rosalee returned to the bar around 11:10 p.m. and called Jose to come outside and get the $40.00 she had retrieved for him. Thereafter, Rosalee rolled down the window of her car, handed Jose the cash, and told him not to stay out too late. As Jose turned to walk back to the bar, Vega shot him. Thereafter, Jose ran east and Vega fired four to five more shots. Jose then collapsed and was later pronounced dead at Illinois Masonic Hospital in Chicago, Illinois. Rosalee identified Vega as the shooter in a line-up after the shooting and testified at trial that she was face-to-face with him from a distance of about four feet.

## II.     Procedural Background

Following a 2005 jury trial in the Circuit Court of Cook County, the jury convicted Vega of first degree murder and the Circuit Court sentenced him to seventy-five years' imprisonment. *See* 720 ILCS 5/9-1(a)(1). On June 20, 2007, the Illinois Appellate Court allowed Vega's agreed motion for summary disposition granting him an extra day of credit for time that he served before his jury trial. Vega took no further action on direct appeal and did not file a petition for leave to appeal ("PLA") to the Supreme Court of Illinois.

On March 24, 2008, Vega filed a pro se post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq*. In his pro se post-conviction petition, Vega argued that: (1) he was not proven guilty beyond a reasonable doubt; (2) the indictment failed to adequately state the nature and elements of the charge against him; (3) his sentence should be modified to reward him good conduct credit; (4) his trial counsel was constitutionally

ineffective for failing to object to the State's (a) improper impeachment of a hostile witness, (b) use of impermissible hearsay, (c) eliciting perjured testimony, and (d) prejudicial closing arguments; and (5) appellate counsel was constitutionally ineffective for failing to raise the above claims on direct appeal. The Circuit Court dismissed Vega's post-conviction petition as frivolous and patently without merit on May 30, 2008. *See* 725 ILCS/122-2.1(a)(2). The Circuit Court also ordered Vega to pay the filing fees and court costs associated with his filing of the post-conviction petition and ordered the Illinois Department of Corrections to deduct these fees from Vega's prisoner trust account.

Vega, by counsel, appealed the Circuit Court's dismissal, but he did not challenge the merits of the Circuit Court's decision dismissing his petition as frivolous and patently without merit. Instead, Vega's counsel argued that the Circuit Court erred in ordering him to pay the filing fees and costs from his prisoner trust account. Thereafter, Vega filed a motion for leave to file a pro se supplemental brief, but the Illinois Appellate Court denied his motion. On October 7, 2009, the Illinois Appellate Court affirmed the judgment of the Circuit Court, namely, that the filling fees and court costs should be deducted from Vega's prisoner trust account. On October 6, 2009, Vega filed a PLA to the Supreme Court of Illinois reasserting the same claims that he brought in his post-conviction petition. The Supreme Court of Illinois denied Vega's PLA on January 27, 2010.

### III. Habeas Petition

On March 11, 2010, Vega signed the present pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1). Construing his pro se allegations liberally, *see McGee v. Bartow,* 593 F.3d 556, 565-66 (7th Cir. 2010), Vega's habeas claims include: (1) he was not

3

proven guilty beyond a reasonable doubt; (2) the indictment failed to adequately state the nature and elements of the charge against him; (3) his sentence should be modified to reward him day-for-day good conduct credit; (4) his trial counsel was constitutionally ineffective for failing to object to the State's (a) improper impeachment of a hostile witness, (b) use of impermissible hearsay, (c) eliciting perjured testimony, and (d) prejudicial closing arguments; and (5) his appellate counsel was constitutionally ineffective for failing to raise the above claims on direct appeal.

## LEGAL STANDARDS

### I. Habeas Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief cannot be granted unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *See Williams v. Taylor,* 529 U.S. 362, 402-03, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Brown v. Finnan,* 598 F.3d 416, 421 (7th Cir. 2010). In *Williams*, the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405; *see also Brown,* 598 F.3d at 421-22.

Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See Williams,* 529 U.S. at 407; *Brown,* 598 F.3d at 422. "A state court's decision is 'unreasonable' within the meaning of § 2254(d)(1) only

4

if it is 'so erroneous as to be objectively unreasonable.'" *Bennett v. Gaetz,* 592 F.3d 786, 790 (7th Cir. 2010) (citation omitted); *see also Williams*, 529 U.S. at 410 ("*unreasonable* application of federal law is different from an *incorrect* application of federal law") (emphasis in original). To be considered objectively unreasonable, a state court's decision must be "well outside the boundaries of permissible differences of opinion." *Bennett,* 592 F.3d at 790 (citation omitted). Put differently, to be reasonable, a state court's decision must be "at least minimally consistent with the facts and circumstances" of the case. *Williams v. Thurmer,* 561 F.3d 740, 746 (7th Cir. 2009).

## II.     Exhaustion and Procedural Default

Before bringing a habeas claim in federal court, a petitioner must exhaust all remedies available to him in state court. *See Gonzales v. Mize,* 565 F.3d 373, 380 (7th Cir. 2009); 28 U.S.C. § 2254(b)(1)(A). To clarify, a habeas petitioner must fully and fairly present his federal claims to the state courts before he files his federal habeas petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Sturgeon v. Chandler,* 552 F.3d 604, 610 (7th Cir. 2009). "A procedural default occurs where a habeas petitioner 'has exhausted his state court remedies without properly asserting his federal claim at each level of state court review.'" *Crockett v. Hulick,* 542 F.3d 1183, 1192 (7th Cir. 2008) (citation omitted). Procedural default precludes a federal court from reviewing a petitioner's habeas claims. *See Johnson v. Pollard,* 559 F.3d 746, 752 (7th Cir. 2009).

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the Court's failure to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell,* 547 U.S. 518, 536, 126 S.Ct.

2064, 165 L.Ed.2d 1 (2006); *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevents a petitioner from pursuing his constitutional claim in state court. *See Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *see also Smith v. McKee,* 598 F.3d 374, 382 (7th Cir. 2010). A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496; *see also Smith,* 598 F.3d at 387-88.

## ANALYSIS

### I. Procedural Default

Respondent argues that Vega has procedurally defaulted all of his habeas claims because he did not raise them through one full round of state court review. *See Johnson v. Hulett,* 574 F.3d 428, 431 (7th Cir. 2009). More specifically, although Vega raised his habeas claims in his pro se post-conviction petition to the Cook County Circuit Court and in his pro se PLA to the Supreme Court of Illinois, his post-conviction counsel did not raise these claims in his post-conviction appeal to the Illinois Appellate Court. Nevertheless, Vega maintains that he did not procedurally default his claims because he filed a pro se motion for leave to file a supplemental brief that would have contained all of his post-conviction claims, but the Illinois Appellate Court rejected his motion because Vega had counsel. *See Kizer v. Uchtman,* No. 04-2763, 2006 WL 265486, at *3-4 (7th Cir. Feb. 3, 2006) (unpublished) (pro se motion to supplement appeal qualifies as fairly presenting claim to state appellate court). Vega's motion for leave to file a supplement failed to articulate the claims he wished to add and there is no indication from the

6

record that Vega ever filed this supplemental brief. Therefore, Vega's claims were never fully and fairly presented to the post-conviction Illinois Appellate Court. *See Anderson v. Benik,* 471 F.3d 811, 814 (7th Cir. 2006) ("Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court.") (citation omitted).

Meanwhile, it is difficult to reconcile the unpublished decision in *Kizer* with Supreme Court precedent holding that "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material." *Baldwin v. Reese,* 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004); *Lockheart v. Hulick,* 443 F.3d 927, 929 (7th Cir. 2006) ("a petition must *contain* each contention, and not just point to some other document where it might be located") (emphasis in original). Thus, under the Supreme Court's decision in *Baldwin*, Vega's motion for leave to file a supplemental brief did not fully and fairly present a constitutional claim to the state court, especially because his motion failed to articulate his constitutional claims. *See id.* at 32. Accordingly, Vega's habeas claims are procedurally defaulted and are not excepted by cause and prejudice or the fundamental miscarriage of justice exception. *See Johnson,* 559 F.3d at 752. The Court therefore denies Vega's habeas petition.

**II.     Certificate of Appealability**

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Vega a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order.

7

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El,* 537 U.S. at 336; *Evans v. Circuit Court of Cook County, Ill.,* 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Vega must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). In cases where a district court denies a habeas claim on procedural grounds, the Court may issue a certificate of appealability if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

Here, the Court would be hard-pressed to conclude that jurists of reason would find it debatable that the Court was correct in ruling that Vega procedurally defaulted his habeas claims. As discussed in detail above, Vega failed to present his habeas claims through one full round of state review, namely, he failed to appeal his claims to the Illinois Appellate Court. *See Gray v. Hardy,* 598 F.3d 324, 327 (7th Cir. 2010). Further, Vega's procedurally defaulted claims are not excepted by cause and prejudice or the fundamental miscarriage of justice exception. *See Johnson,* 559 F.3d at 752. Therefore, the Court does not certify any issues for appeal. *See* 28 U.S.C. § 2253(c)(2).

8

## CONCLUSION

For these reasons, the Court denies Vega's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1). Also, the Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

**Dated:** August 27, 2010

**ENTERED**

**AMY J. ST. EVE**
**United States District Judge**