# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1684 | **DATE** | 9/15/2010 |
| **CASE TITLE** | Vega vs. Hardy | | |

**DOCKET ENTRY TEXT**

The Court denies Petitioner's Motion for Reconsideration [28].

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

On August 27, 2010, the Court denied Petitioner Jesus Vega's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d) and declined to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2). Before the Court is Vega's motion for reconsideration. For the following reasons, the Court, in its discretion, denies Vega's motion.

### LEGAL STANDARD

Rule 59(e) permits parties to file, within ten days of the entry of judgment, a motion to alter or amend the judgment. *See* Fed.R.Civ.P. 59(e). Motions under Rule 59(e) serve the limited function of allowing the Court to correct manifest errors of law or fact or consider newly discovered material evidence. *See County of McHenry v. Insurance Co. of the West,* 438 F.3d 813, 819 (7th Cir. 2006). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures" or "introduce new or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996). Whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

# ANALYSIS

In denying Vega's habeas petition, the Court concluded that Vega had procedurally defaulted all of his habeas claims and had failed to establish any exceptions to his default. *See House v. Bell,* 547 U.S. 518, 536, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); *Johnson v. Hulett,* 574 F.3d 428, 431 (7th Cir. 2009). In doing so, the Court explained:

> Respondent argues that Vega has procedurally defaulted all of his habeas claims because he did not raise them through one full round of state court review. *See Johnson v. Hulett,* 574 F.3d 428, 431 (7th Cir. 2009). More specifically, although Vega raised his habeas claims in his pro se post-conviction petition to the Cook County Circuit Court and in his pro se PLA to the Supreme Court of Illinois, his post-conviction counsel did not raise these claims in his post-conviction appeal to the Illinois Appellate Court. Nevertheless, Vega maintains that he did not procedurally default his claims because he filed a pro se motion for leave to file a supplemental brief that would have contained all of his post-conviction claims, but the Illinois Appellate Court rejected his motion because Vega had counsel. *See Kizer v. Uchtman,* No. 04-2763, 2006 WL 265486, at *3-4 (7th Cir. Feb. 3, 2006) (unpublished) (pro se motion to supplement appeal qualifies as fairly presenting claim to state appellate court). Vega's motion for leave to file a supplement failed to articulate the claims he wished to add **and there is no indication from the record that Vega ever filed this supplemental brief.** Therefore, Vega's claims were never fully and fairly presented to the post-conviction Illinois Appellate Court. *See Anderson v. Benik,* 471 F.3d 811, 814 (7th Cir. 2006) ("Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court.") (citation omitted).

> Meanwhile, it is difficult to reconcile the unpublished decision in *Kizer* with Supreme Court precedent holding that "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material." *Baldwin v. Reese,* 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004); *Lockheart v. Hulick,* 443 F.3d 927, 929 (7th Cir. 2006) ("a petition must *contain* each contention, and not just point to some other document where it might be located") (emphasis in original). Thus, under the Supreme Court's decision in *Baldwin*, Vega's motion for leave to file a supplemental brief did not fully and fairly present a constitutional claim to the state court, especially because his motion failed to articulate his constitutional claims. *See id.* at 32. Accordingly, Vega's habeas claims are procedurally defaulted and are not excepted by cause and prejudice or the fundamental miscarriage of justice exception. *See Johnson,* 559 F.3d at 752. The Court therefore denies Vega's habeas petition.

(R. 26-1, 8/27/10, Mem, Op., & Order, at 6-7.) (emphasis added).

In his motion for reconsideration, Vega argues that the Court failed to recognize that his supplemental brief was submitted with his motion to the Illinois Appellate Court. Indeed, Vega attaches the Illinois Appellate Court's order denying his motion for leave to file his pro se supplemental brief that indicates Vega attached three copies of the supplemental brief to the motion. (R. 22-10, 9/9/09 Ill.App.Ct. Order.) The Court apologizes for this oversight, but the fact that Vega submitted his supplemental brief with the motion does not change the outcome of his habeas petition.

As the Court explained in denying Vega's habeas petition, the Supreme Court in *Baldwin* clarified the fair presentment requirement for habeas claims holding that "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the

presence of a federal claim in order to find material." 541 U.S. at 32. Here, Vega's motion to file a supplemental brief does not mention his habeas claims. Instead, Vega merely mentions his supplemental brief in his motion and attaches the brief to his motion. Therefore, Vega did not fully and fairly present his claims to the Illinois Appellate Court. *See Lockheart v. Hulick,* 443 F.3d 927, 929 (7th Cir. 2006) ("a petition must *contain* each contention, and not just point to some other document where it might be located"); *see, e.g., U.S. ex rel. Singleton v. Hardy,* No. 06 C 2297, 2010 WL 1687891, at *4 (N.D. Ill. Apr. 26, 2010) ("incorporation by reference flunks the standard"). Without more, Vega procedurally defaulted his claims and has offered no exceptions to his default. Therefore, the Court denies his motion for reconsideration.